1  Shaun Setareh (SBN 204514)
     shaun@setarehlaw.com
2  Thomas Segal (SBN 222791)
     william@setarehlaw.com
3  Farrah Grant (SBN 293898)
     farrah@setarehlaw.com
4  SETAREH LAW GROUP
   315 South Beverly Drive, Suite 315
5  Beverly Hills, California 90212
   Telephone (310) 888-7771
6  Facsimile (310) 888-0109

7  Attorneys for Plaintiff
   DOMENIQUE NEWMAN

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DESTINY FIFER and CATRINA R. RODRIGUEZ, on behalf of themselves, all others similarly situated,<br><br>*Plaintiffs*,<br><br>vs.<br><br>ADP SCREENING AND SELECTION SERVICES, INC., a Colorado corporation; and DOES 1 through 50, inclusive,<br><br>*Defendants*. | Case No. 5:19-cv-03174-LHK<br><br>**CLASS ACTION**<br><br>**FIRST AMENDED COMPLAINT**<br><br>Violation of 15 U.S.C. 1681b(b)(1)(A) (Fair Credit Reporting Act.);<br><br>**JURY TRIAL DEMANDED** |

COMES NOW, Plaintiff DOMENIQUE NEWMAN ("Plaintiff"), on behalf of herself and all others similarly situated, complain and allege as follows:

**INTRODUCTION**

1. Plaintiffs bring this class action against defendant ADP SCREENING AND SELECTION SERVICES, INC., a Colorado corporation; and DOES 1 through 50, inclusively (collectively referred to as "Defendants") for alleged violations of the Fair Credit Reporting Act ("FCRA").

2. Plaintiff alleges that Defendant routinely provide consumer, investigative consumer and/or consumer credit reports (referred to collectively as "credit and background reports") to end-users that conduct background checks on applicants and other prospective, current and former employees and use information from credit and background reports in connection with their hiring process without obtaining certification that the end-user has complied with the stand alone disclosure and authorization requirements.

3. Plaintiff, individually and on behalf of herself and all others similarly situated current, former and prospective employees, seeks compensatory and punitive damages due to Defendant's systematic and willful violations of the FCRA (15 U.S.C. §§ 1681 *et seq.*).

**JURISDICTION AND VENUE**

4. Plaintiff filed the original complaint in Santa Clara Superior Court. Defendant removed this case to this Court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.

**PARTIES**

5. Plaintiff DOMENIQUE NEWMAN ("Newman") is, and at all relevant times mentioned herein, an individual residing in the State of California

6. Defendant ADP SCREENING AND SELECTION SERVICES, INC. is, and at all relevant times mentioned herein, a corporation organized and existing under the laws of Colorado and doing business in the State of California.

7. Plaintiff is ignorant of the true names, capacities, relationships, and extent of participation in the conduct alleged herein, of the defendants sued as DOES 1 through 50, inclusive, but are informed and believe and thereupon allege that the defendants are legally

responsible for the wrongful conduct alleged herein and therefore sue these defendants by such fictitious names. Plaintiffs will amend the Complaint to allege the true names and capacities of the DOE defendants when ascertained.

8. Plaintiff is informed and believes and thereupon alleges that, at all relevant times mentioned herein, all defendants were the agents, employees and/or servants, masters or employers of the remaining defendants, and in doing the things hereinafter alleged, were acting within the course and scope of such agency or employment, and with the approval and ratification of each of the other defendants.

9. Plaintiff alleges that each and every one of the acts and omissions alleged herein were performed by and/or attributable to all defendants, each acting as agents and/or employees, and/or under the direction and control of each of the other defendants, and that the alleged acts and failures to act were within the course and scope of the agency, employment and/or direction and control.

## CLASS ALLEGATIONS

10. This action is brought and may be maintained as a class action pursuant to Code of Civil Procedure section 382 because there is a well-defined community of interest among the persons who comprise the readily ascertainable classes defined below and because Plaintiff is unaware of any difficulties likely to be encountered in managing this case as a class action.

11. **Class Definitions:** The classes are defined as follows:

> **FCRA Class:** All of Defendants' current, former and prospective applicants for employment in the United States who applied for a job with Defendants at any time during the period for which a background check was performed beginning five years prior to the filing of this action and ending on the date that final judgment is entered in this action.

12. **Reservation of Rights:** Pursuant to Rule of Court 3.765(b), Plaintiff reserves the right to amend or modify the class definitions with greater specificity, by further division into sub-classes and/or by limitation to particular issues.

13. **Numerosity:** The class members are so numerous that the individual joinder of each individual class member is impractical. While Plaintiff does not currently know the exact

number of class members, Plaintiff is informed and believes that the actual number exceeds the minimum required for numerosity under California law.

14. **Commonality and Predominance:** Common questions of law and fact exist as to all class members and predominate over any questions which affect only individual class members. These questions include, but are not limited to: whether Defendants willfully failed to comply with the FCRA.

15. **Typicality:** Plaintiff's claims are typical of the other class members' claims. Plaintiff is informed and believes and thereupon alleges that Defendant has a policy, practice or lack of a policy or practice which resulted in Defendant failing to comply with the FCRA as alleged herein.

16. **Adequacy of Class Representative:** Plaintiff is adequate class representatives in that they have no interests that are adverse to, or otherwise in conflict with, the interests of the absent class members. Plaintiff is dedicated to vigorously prosecuting this action on behalf of class members. Plaintiff will fairly and adequately represent and protect the interests of class members.

17. **Adequacy of Class Counsel:** Plaintiff's counsel are adequate class counsel in that they have no known conflicts of interest with Plaintiff or absent class members, are experienced in class action litigation and are dedicated to vigorously prosecuting this action on behalf of Plaintiff and absent class members.

18. **Superiority:** A class action is vastly superior to other available means for fair and efficient adjudication of class members' claims and would be beneficial to the parties and the Court. Class action treatment will allow a number of similarly situated persons to be simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail. In addition, the monetary amounts due to many individual class members are likely to be relatively small and would therefore make it difficult, if not impossible, for individual class members to both seek and obtain relief. Moreover, a class action will serve an important public interest by permitting class members to effectively pursue the recovery of monies owed to them. Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in

individual litigation.

## GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

19. When Plaintiff Newman applied for employment with Smith and Noble, LLC ("Smith and Noble"), Defendant performed a background investigation on Newman and provided the results to Smith and Noble without first obtaining a certification from Smith and Noble that they had complied with the FCRA's standalone disclosure and authorization requirements.

## FIRST CAUSE OF ACTION

## FAILURE TO OBTAIN CERTIFICATION IN VIOLATION OF FCRA

## (15 U.S.C. § 1681b(b)(1))

## (By Plaintiff and the FCRA Class against Defendant ADP)

20. Plaintiffs incorporate all paragraphs of this Complaint as if fully alleged herein.

21. Pursuant to section 1681b(b)(1) a Consumer Reporting Agency can only furnish a background check report "if the person who obtains such report from the agency certifies to the agency that [they have complied with the standalone disclosure and authorization requirements."

22. Defendant is a Consumer Reporting Agency in that it regularly engages in assembling consumer information which it provides to third parties for a fee. Defendant issued a consumer report on Plaintiffs when Plaintiffs applied for employment with their respective employers.

23. Plaintiff is informed and believes, and thereon alleges that Defendant did not obtain the legally required certification. The source of Plaintiffs' belief are as set forth below.

24. Plaintiff's employee file which Plaintiff obtained pursuant to Labor Code section 1198.5 does not contain such a certification.

25. Plaintiff counsel has requested that Defendant provide a copy of any certification. Defendant has not done so.

26. To the extent that Defendant relied on a prospective certification, such a certification that the employer "has complied" with the standalone disclosure requirement cannot be given honestly on a prospective basis. Since the blanket certification is at most a future promise

to comply, and not a certification that the statute has actually been complied with, it does not meet the statutory requirements.

27. Plaintiff on behalf of herself and the Class seeks all available remedies including but not limited to statutory damages, punitive damages, and attorney fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, prays for relief and judgment against Defendant as follows:

A. An order that the action be certified as a class action;

B. An order that Plaintiffs be appointed class representatives;

C. An order that counsel for Plaintiffs be appointed class counsel;

D. Statutory penalties;

E. Civil penalties;

F. Punitive damages;

G. Injunctive relief;

H. Costs of suit;

I. Interest;

J. Restitution;

K. Reasonable attorneys' fees; and

L. Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of herself and all others similarly situated, hereby demands a jury trial on all issues so triable.

Dated: June 14, 2019                    SETAREH LAW GROUP


                                         */s/ Shaun Setareh*
                                        SHAUN SETAREH
                                        Attorneys for Plaintiff
                                        DOMENIQUE NEWMAN

FIRST AMENDED COMPLAINT

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of June 2019, a true and correct copy of the foregoing document was filed via the court's CM/ECF filing system and a copy was delivered via the same on all attorneys of record.

_____/s/ Shaun Setareh_____