UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESTINY FIFER, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ADP SCREENING AND SELECTION SERVICES, INC.,<br><br>　　　　Defendant. | Case No. 19-CV-03174-LHK<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING AS MOOT DEFENDANT'S MOTION TO TRANSFER**<br><br>Re: Dkt. Nos. 17, 23 |

Plaintiff Dominique Newman ("Plaintiff") brings the instant lawsuit against Defendant ADP Screening and Selection Services, Inc. ("Defendant"). Before the Court are Plaintiff's motion to remand and Defendant's motion to transfer. Having considered the parties' briefs, the relevant law, and the record in this case, the Court GRANTS Plaintiff's motion to remand and DENIES as moot Defendant's motion to transfer.

## I.　BACKGROUND

### A. Factual Background

Plaintiff is a California resident. FAC ¶ 5. Defendant is a Colorado corporation that routinely does business in California. *Id.* ¶ 6. Defendant creates credit and background reports that Defendant then provides to employers who use these reports in connection with their hiring decisions. *Id.* ¶ 2. Plaintiff alleges that Defendant provides these reports to employers without

1

first obtaining a certification that the employers made the required disclosure to, and received authorization from, prospective employees, in violation of 15 U.S.C. § 1681b(b)(1). *Id.* ¶¶ 20–27.

On an unspecified date, Plaintiff applied for employment with Smith and Noble, LLC ("Smith and Noble"). *Id.* ¶ 19. Plaintiff claims that after Plaintiff applied for employment, Defendant performed a background investigation of Plaintiff. *Id.* However, Plaintiff alleges that Defendant never obtained a certification from Smith and Noble that Smith and Noble had disclosed the existence of, and received Plaintiff's authorization for, the background investigation, as required by 15 U.S.C. § 1681b(b)(1). *Id.*

### B. Procedural History

On April 15, 2019, a putative class action complaint was filed in California Superior Court for the County of Santa Clara. *See* ECF No. 1-2. This complaint asserted only a single cause of action: failure to obtain certification in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681b(b)(1). 15 U.S.C. § 1681b(b)(1) dictates that a consumer reporting agency may only furnish a consumer credit report to an employer when the employer certifies that the employer satisfied the statute's disclosure and authorization requirements codified at 15 U.S.C. §§ 1681(b)(2) and (3). 15 U.S.C. § 1681b(b)(1)(A). On June 6, 2019, Defendant removed the case to federal court on the grounds of federal question jurisdiction. ECF No. 1. Then, on June 13, 2019, Defendant answered the complaint. ECF No. 6.

On June 14, 2019, Plaintiff filed a first amended complaint ("FAC"). ECF No. 14 ("FAC"). The FAC replaced the two previous putative class representatives with Plaintiff, and the FAC asserted the same single cause of action for failure to obtain certification in violation of the FCRA, 15 U.S.C. § 1681b(b)(1). *Id.* Defendant answered the FAC on June 28, 2019. ECF No. 18.

On June 18, 2019, Plaintiff filed the instant motion to remand. ECF No. 17 ("Mot."). On July 2, 2019, Defendant opposed the motion to remand, ECF No. 20 ("Opp."), and on July 9, 2019, Plaintiff replied, ECF No. 21 ("Reply").

2

On July 16, 2019, Defendant filed the instant motion to transfer. ECF No. 23. On July 30, 2019, Plaintiff opposed, ECF No. 25, and on August 6, 2019, Defendant replied, ECF No. 26.

## II. LEGAL STANDARD

A suit may be removed from state court to federal court only if the federal court would have had subject matter jurisdiction over the case. 28 U.S.C. § 1441(a); *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."). If it appears at any time before final judgment that the federal court lacks subject matter jurisdiction, the federal court must remand the action to state court. 28 U.S.C. § 1447(c).

The party seeking removal bears the burden of establishing federal jurisdiction. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

## III. DISCUSSION

Neither party wants to be here. Plaintiff seeks to remand the instant case to state court, while Defendant argues that the instant case should instead be transferred to the District of Colorado for further proceedings. Mot.; ECF No. 23. In light of these divergent requests, the parties raise the threshold issue of the order in which the court should resolve the pending motions. Plaintiff argues that courts faced with a competing motion to remand and motion to transfer typically resolve the former before the latter. Reply at 1; ECF No. 25 at 2–3. On the other hand, Defendant argues that the Court should proceed directly to the motion to transfer, in order to potentially permit a more appropriate venue to analyze the propriety of remand. ECF No. 23 at 12–13.

With respect to the underlying motion to remand, Plaintiff argues that remand is necessary because Article III standing does not exist in the instant case. Mot. at 3–5. According to Plaintiff,

3

Case No. 19-CV-03174-LHK
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING AS MOOT DEFENDANT'S MOTION TO TRANSFER

United States District Court
Northern District of California

because the FAC solely asserts a bare procedural violation of the FCRA, 15 U.S.C. § 1681b(b)(1), the FAC does not allege a concrete harm sufficient to confer standing to Plaintiff. *Id.* On the other hand, Defendant claims that remand of the instant case would be premature. Opp. at 2–3.

Below, the Court first analyzes the order in which it must resolve the pending motion to remand and motion to transfer. Second, because the Court concludes that it must first resolve the motion to remand, the Court proceeds to determine whether remand is necessary. Third, and finally, the Court turns to the pending motion to transfer.

**A. The Court Must Decide the Motion to Remand Before the Motion to Transfer.**

The parties dispute the threshold issue of the order in which the Court should resolve the pending motions. Plaintiff argues that courts faced with a competing motion to remand and motion to transfer typically resolve the former before the latter, and that there is no reason to depart from this practice in the instant case. Reply at 1; ECF No. 25 at 2–3. Defendant responds that the Court should exercise its discretion and analyze the motion to transfer first because "the District of Colorado is in a better position to decide whether or not subject matter jurisdiction exists and subsequently rule on Plaintiff's motion to Remand [*sic*]" and because the instant case involves a nationwide putative class. ECF No. 26 at 2–3.

Plaintiff is correct. Faced with the competing motion to remand and motion to transfer, the Court must first analyze the motion to remand.

"Only in rare circumstances should transfer motions be considered before remand motions." *Pac. Inv. Mgmt. Co. LLC v. Am. Intern. Grp., Inc.*, 2015 WL 3631833, at *4 (C.D. Cal. June 10, 2015); *see Vu v. Ortho-McNeil Pharma., Inc.*, 602 F. Supp. 2d 1151, 1153 (N.D. Cal. 2009) ("The Court must determine whether or not it has subject-matter jurisdiction before considering whether venue is proper."). It is indeed true that in some circumstances, a court may indeed exercise its discretion to resolve a pending motion to transfer before a motion to remand. *See, e.g.*, *Burse v. Purdue Pharma Co.*, 2004 WL 1125055, at *1 (N.D. Cal. May 3, 2004) (acknowledging the "apparent practice within the Ninth Circuit for courts to rule on remand

4

Case No. 19-CV-03174-LHK
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING AS MOOT DEFENDANT'S MOTION TO TRANSFER

motions before deciding motions to transfer," but declining to do so). However, "such sequencing is the exception, rather than the rule." *Pac. Inv. Mgmt. Co. LLC*, 2015 WL 3631833, at *4.

Situations in which courts have resolved a motion to transfer before a motion to remand include situations in which "the jurisdictional issue appears factually or legally difficult," and situations in which there is ongoing multi-district litigation ("MDL") involving overlapping issues in another district. *Meyers v. Bayer AG*, 143 F. Supp. 2d 1044, 1049 (E.D. Wis. 2001); *see, e.g.*, *Pub. Employees' Ret. Sys. of Miss. v. Stanley*, 605 F. Supp. 2d 1073, 1074 (C.D. Cal. 2009) (ruling on motion to transfer first because case presented "difficult questions of statutory interpretation on both of Defendants' bases for removal"); *Burse*, 2004 WL 1125055, at *1 (ruling on motion to transfer first because case was "ripe for consolidation before the MDL").

Defendant makes only a cursory argument that in the instant case, the Court should depart from standard practice and resolve the motion to transfer first. According to Defendant, it is significant that this case "involve[s] a nationwide putative class action." ECF No. 26 at 2. However, the sole case that Defendant cites for this proposition focused on the facts that the case was "ripe for consolidation before [an] MDL," and that a "pending appeal to the Federal Circuit loom[ed] over all the related cases," not that the plaintiff pleaded a putative class action. *Burse*, 2004 WL 1125055, at *1. Indeed, other courts have had no difficulty in resolving a motion to remand before a motion to transfer in nationwide putative class actions. *See, e.g.*, *Johnson v. AOL, Inc.*, 2002 WL 1268397, at *1 (N.D. Cal. Mar. 21, 2002) (reaching motion to remand before motion to transfer in class action case).

Defendant also claims that in this case, "the District of Colorado is in a better position to decide whether or not subject matter jurisdiction exists and subsequently rule on Plaintiff's motion to Remand [*sic*]." ECF No. 26 at 2–3. The Court disagrees. Defendant's argument is conclusory. Defendant provides no information about why the District of Colorado is better situated than this Court to resolve the standing question in the instant case. Relatedly, Defendant provides no reason to believe that "the jurisdictional issue appears factually or legally difficult," *Meyers*, 143

5

Case No. 19-CV-03174-LHK
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING AS MOOT DEFENDANT'S MOTION TO TRANSFER

F. Supp. 2d at 1049, such that the Court should defer deciding the motion to remand. Accordingly, the Court proceeds to analyze Plaintiff's motion to remand.

**B. Remand Is Necessary Because the Court Lacks Article III Jurisdiction.**

Plaintiff argues that remand of the instant case is necessary because Plaintiff lacks Article III standing. Mot. at 4. According to Plaintiff, since the FAC solely asserts a bare procedural violation of 15 U.S.C. § 1681b(b)(1), the FAC does not allege a concrete harm sufficient to confer standing. *Id.* Defendant nevertheless responds that the "general pleading standards for removal" are sufficiently lenient to allow the FAC to survive the instant motion to remand, Opp. at 2–3. However, Defendant does concede that in the future, "Article III standing may not ultimately be maintained in this case," Opp. at 5.

The Court agrees with Plaintiff. The sole cause of action that the FAC alleges under the FCRA does not establish a concrete harm sufficient to support Article III standing.

The Ninth Circuit has held that in FCRA cases, a plaintiff has standing only if the plaintiff alleges more than a procedural violation of the FCRA. A plaintiff "may not show an injury-in-fact merely by pointing to a statutory cause of action." *Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1113 (9th Cir. 2017). Rather, a plaintiff must allege how "the specific procedural violations alleged in this case actually harm, or present a material risk of harm" to the interests protected by the FCRA. *Id.* For example, in *Robins*, the Ninth Circuit held that the "dissemination of false information in consumer reports" is a concrete harm protected by the FCRA. *Id.* at 1114. However, the Ninth Circuit acknowledged that in many instances, "a plaintiff will not be able to show a concrete injury simply by alleging that a consumer-reporting agency failed to comply with one of FCRA's procedures." *Id.* at 1115–16.

In the instant case, Plaintiff alleges only a technical violation of the requirements of the FCRA, 15 U.S.C. § 1681b(b)(1), without any accompanying concrete harm. The crux of Plaintiff's complaint is that Defendant failed to obtain certification from Smith and Noble that Smith and Noble had disclosed the existence of, and received Plaintiff's authorization for, a

6

Case No. 19-CV-03174-LHK
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING AS MOOT DEFENDANT'S MOTION TO TRANSFER

background investigation, as required by the FCRA, 15 U.S.C. § 1681b(b)(1). FAC ¶ 19. However, importantly, Plaintiff makes no allegation that the alleged procedural violation of 15 U.S.C. § 1681b(b)(1) "actually harm[ed], or present[ed] a material risk of harm" to, the interests protected by the FCRA. *Robins*, 867 F.3d at 1113. Plaintiff does not allege that the background report ultimately prepared by Defendant was inaccurate or substantively improper in any way. Nor does Plaintiff allege that Smith and Noble actually did fail to provide the required disclosure and obtain the required authorization from Plaintiff. The sole assertion in the FAC is that Defendant failed to obtain the necessary certification from Smith and Noble. FAC ¶ 19.

*Larroque v. First Advantage LNS Screening Solutions, Inc.*, 2016 WL 4577257 (N.D. Cal. Sept. 2, 2016), is instructive. In *Larroque*, the court considered the issue of standing when the plaintiff solely alleged a violation of the FCRA, 15 U.S.C. § 1681b(b)(1). *Id.* at *1. The *Larroque* court rejected plaintiff's attempt to assert a concrete harm on the basis of a purported "invasion of privacy" under the FCRA. *Id.* at *5. The *Larroque* court noted that the plaintiff had not alleged a lack of consent to her employer's request for a background report, nor had she alleged any other violation of "substantive rights" that could amount to a concrete harm. *Id.* Instead, the plaintiff in *Larroque* alleged "only that Defendant did not comply with the procedural requirements of Section 1681b(b)(1)." *Id.* The *Larroque* court therefore remanded the case for lack of standing. *Id.* Other district courts presented with analogous situations have done the same. *See, e.g.*, *Disalvo v. Intellicorp Records, Inc.*, 2016 WL 5405258, at *3 (N.D. Ohio Sept. 27, 2016) (remanding case asserting single claim under the FCRA, 15 U.S.C. § 1681b(b)(1) because plaintiff "suffered no concrete harm from the alleged violation of § 1681b(b)(1)"). As in these foregoing cases, in the instant case, Plaintiff does not allege the existence of a concrete harm sufficient to produce Article III standing. *See id.* at *3 (holding that by alleging bare procedural violation of 15 U.S.C. § 1681b(b)(1), plaintiff alleged "no concrete harm," and therefore could not satisfy Article III standing requirement).

Defendant's arguments to the contrary are unavailing. First, Defendant points to *Gonzalez*

*v. TCR Sports Broad. Holding, LLP*, 2018 WL 4292018 (S.D. Fla. Sept. 10, 2018), which Defendant claims supports the proposition that "defendants were not required to concede Article III standing in their removal papers." Opp. at 2. *Gonzalez* is inapposite. First, *Gonzalez* only concerned the question of whether "Defendants were required to allege Plaintiff's standing in their notice of removal," which is not at issue in the instant case. *Gonzalez*, 2018 WL 4292018, at *2. Second, *Gonzalez* involved a statute other than the FCRA. *Id.* at *1. Third, and relatedly, the *Gonzalez* court deemed the standing question to be "a complex one," and expressly deferred resolution "in the absence of full briefing and argument." *Id.* at *2.

Defendant also complains that "plaintiffs have complete control over the extent of injury and damages pled in a complaint," and that plaintiffs can use this fact to avoid federal jurisdiction. Opp. at 3. Even if this is true, courts still routinely grant plaintiffs' motions to remand when courts are presented with complaints that do not sufficiently allege concrete harm under the FCRA. *See, e.g.*, *Moore v. UPS, Inc.*, 2019 WL 2172706, at *1 (N.D. Cal. May 13, 2019) (granting plaintiff's motion to remand because plaintiff alleged "only bare procedural violations" under the FCRA, "which are insufficient" to confer standing). Simply put, "[s]tanding is a necessary element of federal-court jurisdiction" and a "threshold question in every federal case" that federal courts cannot ignore. *Thomas v. Mundell*, 572 F.3d 756, 760 (9th Cir. 2009) (citing *Warth v. Seldin*, 422 U.S. 490, 498 (1975)).

Finally, Defendant raises the point that Section "1681b(b) claims may raise an injury-in-fact sufficient to allow the case to proceed in federal court." Opp. at 4. This point is irrelevant. It is certainly true that in the right circumstances, and as discussed above, FCRA claims *could* support Article III standing. However, in order for standing to exist, the plaintiff must allege a concrete harm arising from the FCRA violation. *See, e.g.*, *Syed v. M-I, LLC*, 853 F.3d 492 (9th Cir. 2017) (holding that standing existed when violation of 15 U.S.C. § 1681b(b)(2) resulted in plaintiff's confusion and caused plaintiff to sign authorization plaintiff would not have otherwise signed). Once again, the Ninth Circuit has indicated that "in many instances, a plaintiff will not be

8

Case No. 19-CV-03174-LHK
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING AS MOOT DEFENDANT'S MOTION TO TRANSFER

able to show a concrete injury simply by alleging that a consumer-reporting agency failed to comply with one of FCRA's procedures." *Robins*, 867 F.3d at 1115–1116. Plaintiff has not alleged a concrete injury in the instant case. FAC ¶ 19.

Thus, the Court concludes that Plaintiff lacks Article III standing. Because Plaintiff lacks standing, the Court does not have subject matter jurisdiction. *Moore*, 2019 WL 2172706, *1–2. However, Section 1681p of the FCRA expressly grants concurrent federal-state jurisdiction over FCRA claims. 15 U.S.C. § 1681p. Accordingly, remand to state court is proper under 28 U.S.C. § 1447(c). *See Int'l Primate Prot. League v. Administrators of Tulane Educ. Fund*, 500 U.S. 72, 74 (1991) (noting that under § 1447(c), "a removed case over which a district court lacks subject matter jurisdiction 'shall be remanded'").

The Court therefore GRANTS Plaintiff's motion to remand. Finally, the Court turns to Defendant's pending motion to transfer.

### C. Defendant's Motion to Transfer is Moot.

Plaintiff argues that upon granting the motion to remand, the Court must deny as moot Defendant's motion to transfer. Reply at 1. The Court agrees. After granting a motion to remand while a motion to transfer is pending, the proper course is to deny as moot the motion to transfer. *See, e.g.*, *Anderson Plant LLC*, 2015 WL 4572294, at *9 ("Having granted the motion to remand, the Court DENIES the motion to transfer as MOOT.").

Accordingly, the Court DENIES as moot Defendant's motion to transfer.

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion to remand and DENIES as moot Defendant's motion to transfer.

**IT IS SO ORDERED.**

Dated: October 15, 2019

_____
*Lucy H. Koh*
LUCY H. KOH
United States District Judge

Case No. 19-CV-03174-LHK
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING AS MOOT DEFENDANT'S MOTION TO TRANSFER